UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION – JACKSON
IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF LONE STAR INDUSTRIES, INC. d/b/a BUZZI UNICEM USA AS OWNER and RIVER CEMENT SALES COMPANY d/b/a BUZZI UNICEM USA and BUZZI UNICEM USA INC. EACH AS OWNER PRO HAC VICE and/or OPERATOR OF THE DOCK BARGE CAPE HENRY CLAIMING EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 5:23-cv-76-KS-BWR |

**VERIFIED COMPLAINT**

The Verified Complaint of Complainants, LONE STAR INDUSTRIES, INC. d/b/a BUZZI UNICEM USA AS OWNER and RIVER CEMENT SALES COMPANY d/b/a BUZZI UNICEM USA and BUZZI UNICEM USA INC. EACH AS OWNER PRO HAC VICE and/or OPERATOR OF THE DOCK BARGE CAPE HENRY, (Sometimes collectively referred to herein as "Buzzi") in a cause civil and within the exclusive maritime jurisdiction of this Honorable Court pursuant to 28 USC 1333, 46 USC 30529, Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules"), and under 28 USC 2201-2201 avers as follows:

1.

At all times, LONE STAR INDUSTRIES, INC. d/b/a BUZZI UNICEM USA AS OWNER and RIVER CEMENT SALES COMPANY d/b/a BUZZI UNICEM USA and BUZZI UNICEM USA INC. EACH AS OWNER PRO HAC VICE and/or OPERATOR OF THE DOCK BARGE CAPE HENRY were all foreign corporations organized and existing under the laws of the state of Delaware, with their principal business establishment in Bethlehem, Pennsylvania.

2.

The Dock Barge CAPE HENRY is presently located in Natchez Mississippi and will be located during the pendency of this matter in the Mississippi River at Natchez, Mississippi.

3.

The Dock Barge CAPE HENRY was originally built in 1961 as a single skin tank barge 165' in length, 36' in width, 12' in draft, 482 gross tons, with no motive power but which was issued a certificate of Inspection by the U.S. Coast Guard which expired in 1995 after which it was no longer used to carry cargo. Since that time, CAPE HENRY was repurposed as a dock barge used as a platform for cargo transfer, moving cement products from hopper barge to land-based air slide for silo storage for eventual truck loading at Natchez, Mississippi.

4.

The conversion of CAPE HENRY in 1995 repurposed the barge cargo tanks as voids for buoyancy. The top side has stevedoring equipment consistent with its function as a dock barge. Vacuum equipment of the CAPE HENRY sucks powdered cement products up out of hopper barges and onto an air slide where the cargo is carried several hundred feet up and on land to a silo for truck loading. CAPE HENRY floats but at all material times including on the day of the accident the dock barge was connected to the shore by a gangway and ramp, cables to piles, electrical lines, and an air slide.

5.

On February 7, 2023, Donny Mitchell was performing maintenance on the cargo transfer equipment aboard CAPE HENRY when he fell in the Mississippi River and drowned.

6.

At the time of the incident, Mr. Mitchell was employed by River Cement Sales Company d/b/a Buzzi Unicem USA. His job duties were primarily as a longshoreman, unloading barges at the River Cement Sales Company marine terminal in Natchez but included maintenance of the cargo transfer equipment at the facility including the equipment that had been permanently placed on the Dock Barge CAPE HENRY.

7.

Mr. Mitchell was engaged in maritime employment at a marine terminal and was covered under the Longshore and Harbor Workers Compensation Act. See *Northeast Marine Terminal Co., Inc. v. Caputo*, 432 U.S. 249 (1977).

8.

River Cement Sales Company d/b/a Buzzi Unicem USA provided the appropriate notice to the United States Department of Labor which is required of longshore employees and paid funeral expense under the Longshore Act.

9.

Pursuant to 33 USC 905(a), as employer, River Cement Sales Company d/b/a Buzzi Unicem USA is entitled to employer immunity from all tort claims.

10.

Mr. Alton Hall, an attorney appointed by the survivors, authored a written notice dated February 24, 2023 to River Cement Sales Company and others which included the following:

> "… I respectfully suggest that Buzzi Unicem USA, River Cement Sales Company… put their insurers and legal counsel on notice of this claim…"

This first written notice of a claim was received by -Complainants on or after February 24, 2023.

11.

This Complaint seeking exoneration from and limitation of liability is brought before August 24, 2023 and thus less than 6 months from Complainants' receipt of first written notice of claim as required by 46 U.S.C. 30529.

12.

While 33 U.S.C. 905(b) has an exception to employer immunity, that exception is limited to injury and death caused by "vessel negligence" which is not actionable here under several grounds, including the fact that the CAPE HENRY is not a vessel as a matter of law because the CAPE HENRY was not used to transport cargo or persons over water and was repurposed decades before the accident to act as a cargo transfer platform for cement stevedoring. See *Lozman v. City of Rivera Beach Fla*, 568 U.S. 115 (2013) reaffirming *Evansville & Bowling Green Packet Co. v. Chero Cola Bottling Co.,* 271 U.S. 19 (1926). Complainants are entitled to a declaratory judgment of exoneration from this court that the dock barge CAPE HENRY is not a vessel as a matter of law and accordingly all tort claims should be dismissed, and Claimants are only entitled to benefits allowed under the Longshore and Harbor Workers Compensation Act as determined by the US Department of Labor.

13.

Even if the CAPE HENRY was found to be a vessel, which is denied, the accident was caused without fault of complainants, and without "vessel negligence" within the meaning of 33 U.S.C. 905(b) as interpreted by the standards of *Scindia Steam Navigation Co. v. De Los Santos,* 451 US 156 (1981) and without violation of any of the sole three limited duties owed longshoremen as reflected in *Howlett v. Birkdale Shipping Co.,* 512 U.S. 92 (1994).

14.

In the event of a finding of liability, which is denied, Complainants aver that each is entitled to limit its liability to their interest in the value of the Dock Barge CAPE HENRY plus pending freight, if any, pursuant to the Limitation of Liability act, 46 U.S.C. 30523. In that regard, the aforementioned incident was not caused due to any fault, neglect, or want of care on the part of Complainants or the dock barge CAPE HENRY, or anyone for whom Complainants may be responsible. On the contrary, Mr. Mitchell and others aboard the dock barge CAPE HENRY on the day of the accident were well trained and experienced, and highly competent.

15.

Complainants reasonably expect that the following persons may bring claims against Complainants due to the fall and drowning death of Donny Mitchell:

   a.   Alexis Mitchell, daughter of the decedent,

   b.   Doneka Mitchell, daughter of decedent,

   c.   Allision xxxxxxx, minor daughter of Alexis Mitchell

   c.   Alton Hall, Attorney for the Succession of Donny Mitchell.

16.

Complainants expect the claims to be asserted herein likely will exceed the value of the CAPE HENRY on February 7, 2023 which was $286,742.00. Pending freight in this case is $0 because the dock barge CAPE HENRY was not used to carry or transport cargo or passengers in commerce, and it never earned any freight revenue. Because the CAPE HENRY did not transport cargo or personnel, the "voyage" for the purpose of Supplemental Admiralty Rule F is a single day, the day of the accident, February 7, 2023. Complainant have posted an Ad Interim Stipulation providing security in the amount require by Rule F and request that it be approved as security to

cover all claims and in the event the recoverable losses are found to exceed the fund, the fund will be divided pro rata amount the Claimants based upon the damages as found by the court as provided in Rule F.

17.

Complainants bring this Complaint in accordance with 46 U.S.C. 30529, so that all claims by all interested parties can be promptly and fairly adjudicated in a single federal forum, consistent with the procedures established by Congress, under exclusive federal law, the Federal Rules of Civil Procedure and Supplemental Admiralty Rule F. In that regard, Complainants seek an order enjoining all persons from filing, pursuing or asserting any claims against the Complainants and the Dock Barge CAPE HENRY *in rem* for losses related to the events of February 7, 2023 in any court, state or federal, except in the above captioned matter, all in accordance with 46 USC 30529 and Supplemental Maritime Rule F.

18.

Complainants will via Motion, ask for an order from this Court establishing a period of time within which any interested party may file a claim in this proceeding for damages due to the incident so that this matter can proceed expeditiously under this Court's direction and supervision.

19.

Venue is proper in this judicial district pursuant to Supplemental Admiralty Rule F(9) because the accident happened on navigable waters in Adams County, Mississippi, in this district, and because the Dock Barge CAPE HENRY is located in this district and because the barge has not been previously arrested nor has any suit been filed in any other district against the owner nor owners pro hac vice and/or operator relating to this accident.

20.

The attached Affidavit and Appraisal Report of DLS Marine (Exhibit 1) reflects that the value of the Dock Barge CAPE HENRY as of February 7, 2023 was $286,742.00. As mentioned above, the Dock Barge CAPE HENRY was not used to transport cargo and thus no "freight" was earned nor pending within the meaning of the limitation of liability act at the time of the incident. Accordingly, Complainants submit for the court's approval, as security for the benefit of all claimants, an Ad Interim Stipulation (Exhibit 2) in the amount of TWO HUNDRED EIGHTY SIX THOUSAND, SEVEN HUNDRED FORTY-TWO AND NO/100 DOLLARS ($286,742.00) plus 6 percent per annum thereon, all as provided under Supplemental Admiralty Rule F(1). In further support of this Verified Complaint the Verification of Robert Holston is appended hereto as Exhibit 3.

21.

All and singular, the premises of this Complaint for Exoneration From or Limitation of Liability are true and correct and within the admiralty and maritime jurisdiction of the United States and this Honorable Court, within the meaning of FRCP 9(h) and Supplemental Admiralty Rule F.

WHEREFORE, Complainants, LONE STAR INDUSTRIES, INC. d/b/a BUZZI UNICEM USA AS OWNER and RIVER CEMENT SALES COMPANY d/b/a BUZZI UNICEM USA and BUZZI UNICEM USA INC. EACH AS OWNER PRO HAC VICE and/or OPERATOR OF THE DOCK BARGE CAPE HENRY pray for the following:

1. This court issue an order approving the Ad Interim Stipulation submitted to the Court by Complainants, as security for the claims to be asserted herein;

2.     This court issue a notice to all persons asserting claims with respect to this Complaint, admonishing them to file their respective claims against Complainants with the Clerk of this Honorable Court and to serve on the attorney for Complainants, a copy thereof on or before the date to be specified in the Notice and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, then such person shall also file and serve on attorney for Complainant, an answer to the Complaint on or before the said date unless his or her claim was included an answer;

3.     This court enjoin the further prosecution of any and all actions, suits or proceedings already commenced and enjoin the commencement or prosecution of any and all other tort actions, suits or proceedings of any nature or description whatsoever in any jurisdiction from the subject incident, against Complainants, and their underwriters, the dock barge CAPE HENRY, its underwriters, or their employees, or property, claiming losses due to the aforementioned incident, except in the above captioned action;

4.     That the court issue a declaratory judgment, finding that the CAPE HENRY is not a vessel within the meaning of U.S. Maritime law as stated in *Lozman v. City of Rivera Beach Fla*, 568 U.S. 115 (2013) reaffirming *Evansville & Bowling Green Packet Co. v. Chero Cola Bottling Co.*, 271 U.S. 19 (1926).and further that Complainants are each immune from all tort claims under the Longshore and Harbor Workers Compensation Act under 33 USC 905 as interpreted by *Howlett v. Birkdale Shipping Co.,* 512 U.S. 92 (1994).

5.     That after due proceedings, without a jury, that this Honorable Court exonerate each and every Complainant from any and all tort claims resulting from the fall and death of Donny Mitchell and any resulting losses to his accident;

6.  Alternatively, that if the court finds one or more Complainants liable in any respect for maritime tort claims arising from the incident in question, that this court order that the recovery of Claimants collectively against all Complainants be limited to the security provided, and in that regard, that the claimants divide the security pro rata based upon the findings of the court, and that Dock Barge CAPE HENRY *in rem* will be discharged from any and all liability because the recoveries will be limited to the security posted herein;

7.  Complainants pray for such other and further relief as may be just and appropriate under this Limitation of Liability action with due consideration of the congressional intent for the protection of maritime vessel owners, under the circumstances.

## Verification

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 18th day of August, 2023.

                                                      Authorized Representative of:
                                                      *LONE STAR INDUSTRIES, INC. d/b/a*
                                                      *BUZZI UNICEM USA and*
                                                      *RIVER CEMENT SALES COMPANY d/b/a*
                                                      *BUZZI UNICEM USA and BUZZI UNICEM*
                                                      *USA INC*

                                                    Respectfully submitted,

                                                    DUNBAR MONROE, PLLC

                                                    /s/ Clark Monroe
                                                    Clark Monroe (MS Bar # 9810)
                                                    270 Trace Colony Park Dr., Suite A
                                                    Ridgeland, MS 39157
                                                    Tel:   (601) 898-2716
                                                    gcmonroe@dunbarmonroe.com

findings of the court, and that Dock Barge CAPE HENRY *in rem* will be discharged from any and all liability because the recoveries will be limited to the security posted herein;

7. Complainants pray for such other and further relief as may be just and appropriate under this Limitation of Liability action with due consideration of the congressional intent for the protection of maritime vessel owners, under the circumstances.

### Verification

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 16 day of August, 2023.

*[signature]*

Authorized Representative of:
*LONE STAR INDUSTRIES, INC. d/b/a
BUZZI UNICEM USA and
RIVER CEMENT SALES COMPANY d/b/a
BUZZI UNICEM USA and BUZZI UNICEM
USA INC*

Respectfully submitted,

DUNBAR MONROE, PLLC

/s/ Clark Monroe      *[signature]  8/18/23*
Clark Monroe (MS Bar # 9810)
270 Trace Colony Park Dr., Suite A
Ridgeland, MS 39157
Tel:   (601) 898-2716
gcmonroe@dunbarmonroe.com

*Counsel for LONE STAR INDUSTRIES,
INC. d/b/a BUZZI UNICEM USA and
RIVER CEMENT SALES COMPANY d/b/a
BUZZI UNICEM USA and BUZZI UNICEM
USA INC*

- 9 -

*Counsel for LONE STAR INDUSTRIES, INC. d/b/a BUZZI UNICEM USA and RIVER CEMENT SALES COMPANY d/b/a BUZZI UNICEM USA and BUZZI UNICEM USA INC*

Of Counsel:

DAVID M. FLOTTE (La Bar #1364)
SALLEY, HITE, MERCER & RESOR, LLC
(non-resident attorney whose application
For admission Pro hac vice is pending)
365 Canal Street, Suite 1710
New Orleans, LA  70130
Tel.:    (504) 566-8800
Fax:    (504) 566-8828
dflotte@shrmlaw.com